IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CARMILLIA WALLACE AND JERRY WALLACE            PLAINTIFFS

V.                                      CAUSE NO. 1:08cv1460 HSO-JMR

ALLSTATE INSURANCE COMPANY AND
GEICO GENERAL INSURANCE COMPANY            DEFENDANTS

**ALLSTATE INSURANCE COMPANY'S MEMORANDUM IN
SUPPORT OF FIRST SET OF MOTIONS IN LIMINE**

COMES NOW, Defendant Allstate Insurance Company, (hereinafter "Allstate"), by and through counsel, and files this its Memorandum in Support of First Set of Motions in Limine, requesting the Court to enter an Order preventing Carmillia Wallace and Jerry Wallace or any of their witnesses or attorneys from mentioning and/or attempting to enter into evidence during the trial of this case or mentioning during voir dire the following matters, which are asserted based upon the application of Louisiana substantive law as set out within its Motion for Partial Summary Judgment and accompanying memorandum and Reply to Plaintiffs' Response to Allstate's Motion for Partial Summary Judgment:

    **I.    EVIDENCE AND TESTIMONY OF MEDICAL TREATMENT COSTS
           AND LOST WAGES/INCOME OF CARMILLIA WALLACE**

Carmillia Wallace seeks to recover medical expenses and lost wages/income which have been previously paid by workers' compensation. Louisiana Civil Code, Article 1794, states that:

> An obligation is solidary for the obligors when each obligor is liable for the whole performance. A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee.

La. Civ. Code art. 1794 (1984, as amended).

As supported within its Motion for Partial Summary Judgment, Louisiana law holds that "plaintiff's uninsured motorist carrier and her employer's workers' compensation insurer are solidary obligors such that payment by one solidary obligor extinguishes the obligation of the other solidary obligor to the extent of the payment. Payment by the workers' compensation insurer of lost wages and medical benefits fully compensates plaintiff for those damages." *Cutsinger v. Redfern*, 12 So.3d 945, 955 (La. 2009).

Mrs. Wallace was acting in the course and scope of her employment at the time of the subject motor vehicle collision when Mr. Peter Capuano's vehicle and Mrs. Wallace's vehicle struck. A workers' compensation action was filed by Mrs. Wallace with her employer's carrier, which subsequently began making medical expense payments and temporary total disability payments. A Notice of Final Payment that was filed by the workers' compensation carrier with the Mississippi Workers' Compensation Commission states that total disability payments in the amount of $7,839.47, total medical expenses in the amount of $31,549.55, and rehabilitation expenses in the amount of $6,859.89 have been paid to Mrs. Wallace as a result of the subject motor vehicle collision. See Exhibit "A" to First Set of Motions in Limine.

DMS Mail Management, Inc., her employer, was also insured by an uninsured motorist policy issued by Allstate Insurance Company from which Mrs. Wallace seeks additional recovery.

Based upon *Bellard v. American Central Ins. Co.*, 980 So.2d 654 (La. 2008), an employer's uninsured motorist carrier receives a credit for medical and disability wage benefits when: (1) the workers' compensation carrier has no subrogation right against the uninsured motorist policy; (2) the employer is without fault in the accident to the employee; and (3) the uninsured motorist policy is the employer's policy. *Id*. at 670-71.

Mr. and Mrs. Wallace have admitted that workers' compensation have no subrogation right

against the uninsured motorist policy, that DMS Mail Management is without fault regarding the collision, and the Allstate policy was issued to her employer. See Exhibit "B" to Docket # 20.

The total medical expense of Mrs. Wallace's medical treatment was $47,158.50 and she had lost wages of $11,744.04. The total difference between the amounts for medical and rehabilitation expenses equals $8,749.06. The total unrecovered amount of lost wages is $3,904.57.

"Because the uninsured motorist carrier and the workers' compensation insurer are solidary obligors, payment by one obligor relieves the other obligor of liability toward the obligee. When the workers' compensation insurer pays benefits to plaintiff in the form of lost wages and medical expenses, the liability of the uninsured motorist carrier towards the plaintiff for those same lost wages and medical expenses is discharged." *Cutsinger*, 12 So.3d at 952.

In *Molony v. United Services Auto. Ass'n.*, the Fourth Circuit Court of Appeal of Louisiana reversed the lower court ruling denying USAA's "motion in limine to exclude evidence of the cost of the medical treatment received by the plaintiff as the expenses had been paid by plaintiff's employer and/or workers compensation carrier." 683 So.2d 891, 892 (La. App. 4 Cir. 1996).

The plaintiff argued that the collateral source rule applied, which the Court stated would perhaps apply to medical payment coverage or collision coverage, but not to uninsured motorist coverage. *Id.* at 894 (citing *Fertitta v. Allstate Ins. Co.*, 462 So.2d 159, 164, fn. 7 (La. 1985). In *Bellard*, the Louisiana Supreme Court reasoned:

> . . . [T]his is not a case where either the tortfeasor or her insurer is requesting a credit or reduction of damages. Rather, the uninsured motorist carrier for the victim's employer seeks a credit for disability wage and medical benefits paid by the employer and/or its workers' compensation carrier. Therefore, applying the collateral source rule in this instance will not serve the goal of tort deterrence. Allowing the plaintiff to recover the same elements of damage from both his employer's workers' compensation insurer and his employer's uninsured motorist carrier will not further the goal of deterring wrongful conduct by the tortfeasor.

*Bellard*, 980 So.2d at 669.

The collateral source rule does not apply "where the plaintiff is injured in the course and scope of his employment at the hands of a third party tortfeasor and the employer is without fault." *Id*. at 670. These requirements have been met as admitted within the Plaintiff's responses to Allstate's Second Requests for Admissions.

The *Molony* Court held that the trial court erred by applying the collateral source rule to the solidary obligation of the uninsured motorist carrier and workers' compensation carrier. 683 So.2d at 894. As a result, the plaintiff was "prohibited from introducing evidence of medical expenses at trial" but this "does not affect evidence of the medical treatment received by the plaintiff for the injuries sustained." *Id*.

This holding is supported by the Louisiana Supreme Court's affirmation of the Fourth Circuit's prior holdings and a rejection of the Third Circuit holding in *Bellard* in which the Supreme Court held that the solidary obligations between the employer's uninsured motorist carrier and the employer and/or its worker's compensation insurer are coextensive. *Bellard*, 980 So.2d at 667. As a result, "payment by one obligor relieves the other obligor of liability toward the obligee." *Cutsinger*, 12 So.3d at 952.

Carmillia Wallace has prayed for damages in the form of medical expenses, lost wages and income. However, at the time of the automobile collision, Mrs. Wallace was acting in the course and scope of employment with DMS Mail Management. Mrs. Wallace was compensated through workers' compensation for time lost as a result of the automobile collision. Permitting the Plaintiff or counsel to introduce evidence regarding Mrs. Wallace's medical expenses and lost wages/income for which she received compensation from workers' compensation resulting in no out of pocket expenses is highly prejudicial to Allstate and in violation of Rules 402 and 403 of the Federal Rules of Evidence. Allstate requests this Court to preclude Plaintiff or her counsel from mentioning

medical expenses and lost wages/income for Mrs. Wallace for which she received compensation at any time during voir dire or during the trial of this matter.

## II.   UNINSURED MOTORIST INSURANCE

Allstate moves to exclude any evidence of insurance limits. Permitting the Plaintiffs or counsel to introduce evidence regarding DMS Mail Management's uninsured motorist policy limits is highly prejudicial to Allstate and in violation of Rules 402 and 403 of the Federal Rules of Evidence.

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Fed. R. Evid. 402.

Evidence of the Allstate uninsured policy limits is not relevant as to the claims made against it by Mr. and Mrs. Wallace regarding the injuries sustained and treatment rendered. The monetary policy limit should be excluded as it would serve only to unfairly prejudice the defendant. Allstate requests this Court to preclude Plaintiffs or their counsel from mentioning uninsured motorist limits at any time during voir dire or during the trial of this matter.

## III.   TESTIMONY OF THE INVESTIGATING OFFICER AS TO CAUSE OR CONTRIBUTING CIRCUMSTANCES LEADING TO ACCIDENT

A Uniform Crash Report was prepared by Officer M. Santa Cruz of the Mississippi Highway Patrol following the subject motor vehicle collision on December 13, 2006. Allstate moves to exclude any testimony by the officer regarding the cause or contributing factors to this accident. Officer Cruz was called to the scene after the accident occurred. The officer was not an eyewitness to the accident and, therefore, does not have any personal knowledge as to how the accident happened other than what said by other persons. Therefore, any testimony regarding causation by

this officer would constitute inadmissable hearsay and must be excluded.

Furthermore, the Mississippi Supreme Court has held that it is reversible error to allow an investigating officer to testify as to the cause of an accident unless the investigating officer has been properly qualified as an expert witness. *Roberts v. Graft Auto.*, 701 So. 2d 1093 (Miss. 1997).

Absent such qualification, the Court referred to Rule 701 of the Mississippi Rules of Evidence. Rule 701 of the Federal Rules of Evidence is nearly identical stating:

> If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to the clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.

Fed. R. Civ. P. 701.

"Because the public hold police officers in great trust the potential harm to the objecting party requires reversal where the police officer gives expert testimony without being first qualified as such." *Roberts*, 701 So.2d at 1099. Allstate requests this Court to preclude Plaintiffs or their counsel from eliciting testimony from any police officer not properly qualified as an expert regarding the cause or contributing circumstances of the collision at any time during voir dire or during the trial of this matter.

## IV. INTRODUCTION OF THE AUTOMOBILE ACCIDENT REPORT

A Uniform Crash Report was prepared by Officer M. Santa Cruz of the Mississippi Highway Patrol following the subject motor vehicle collision on December 13, 2006. As a general rule, public records are admissible (as an exception to the hearsay rule) to prove routine matters without requiring public officials to appear in court. However, accident reports constitute hearsay statements gathered by an officer at the scene of the incident. *Hall v. Boykin*, 207 So.2d 645, 646-47 (Miss. 1968). Any hearsay statements transcribed on the accident report made by an officer who responded

to the scene, witnesses, or any other person other than the parties involved, constitute inadmissible hearsay. Introducing the report would constitute the opinions of and "nothing more than a conclusion on the part of the patrolman." *Id*. Therefore, the accident report should be inadmissible in this cause. Further, this action has become a pocketbook dispute between the parties in that Allstate contests the amount due to Mrs. Wallace by her claim. See *Evangelista v. Nationwide Ins. Co.*, 726 F.Supp. 1057, 1059 (S.D. Miss. 1988). The plaintiffs have settled with the underinsured tortfeasor, Peter Capuano, and the crash report offers no evidence of Mrs. Wallace's injuries or treatment but instead would only inflame the jury toward Allstate for Mr. Capuano's purported negligence. Allstate moves the Court to exclude its introduction into evidence and to preclude Plaintiffs or their counsel from eliciting testimony regarding the crash report.

## V. EXPERT TESTIMONY OF SCOTT BELHAM, MS, ATC, OPA-C

On May 29, 2009, Plaintiffs' filed their Designation of Expert Witnesses, which included the designation of Scott Belham, MS, ATC, OPA-C of Gulf Coast Physical Therapy Centers. [Docket #12]. On August 12, 2009, the Deposition of Mr. Belham was taken by counsel for Allstate. Mr. Belham testified that he is a physical rehabilitationist who performed a functional capacity evaluation exam upon Mrs. Wallace during her treatment on November 26, 2007. (Deposition of Belham, attached to First Set of Motions in Limine as Exhibit "B", pp. 7-8, ll. 21-3). Testimony of treating physicians was lay testimony "as to the facts and circumstances surrounding their treatment of the patient." *APAC Mississippi, Inc. v. Johnson*, 15 So.3d 465, 471 (Miss. App. 2009) (citing *Scafidel v. Crawford*, 486 So.2d 370, 372 (Miss. 1986)). Mr. Belham testified that "the only thing [he] can give [his] testimony toward is the -- Ms. Wallace's evaluation results as denoted by the functional capacity evaluation which [he] performed that day." (Deposition of Belham, p. 10, ll. 1-11).

Allstate moves this Court to exclude any evidence or testimony from Mr. Belham which reflects any opinion of Mrs. Wallace's treating physicians, whether through oral testimony or within the plaintiffs' medical records, as his testimony reflects that his knowledge is limited to the functional capacity evaluation. Allstate requests the Court to direct Plaintiffs and their attorneys to limit the examination of Mr. Belham to his examination of Mrs. Wallace on November 26, 2007. Mr. Belham is a fact witness who testified that his opinions are limited to the treatment he rendered and there has been no supplementation or report to indicate otherwise. Allstate moves that any opinion contained within Mrs. Wallace's treatment records be properly redacted to reflect the Court's ruling prior to introduction into evidence at the trial of this cause.

### VI.   EXPERT TESTIMONY OF TIMOTHY HENRY HALLER, PT, ATC

On May 29, 2009, Plaintiffs' filed their Designation of Expert Witnesses, which included the designation of Timothy Haller, PT, ATC of Gulf Coast Physical Therapy Centers. [Docket #12]. On August 13, 2009, the Deposition of Mr. Haller was taken by counsel for Allstate. Mr. Haller testified that he has not reviewed records other than those related to his treatment of Mrs. Wallace. (Deposition of Haller, attached to the First Set of Motions in Limine as Exhibit "C", p. 9, ll. 5-10). Testimony of treating physicians was lay testimony "as to the facts and circumstances surrounding their treatment of the patient." *APAC Mississippi, Inc. v. Johnson*, 15 So.3d 465, 471 (Miss. App. 2009) (citing *Scafidel v. Crawford*, 486 So.2d 370, 372 (Miss. 1986)). Mr. Haller testified that he was not rendering any opinion outside of his records and treatment of Mrs. Wallace. (Deposition of Haller, p. 9. ll. 11-14) His testimony is based solely upon his physical therapy records. (Deposition of Haller, p. 10, ll. 1-7).

Allstate moves this Court to exclude any evidence or testimony from Mr. Haller which reflects any opinion of Mrs. Wallace's treating physicians, whether through oral testimony or within

the plaintiffs' medical records, as his testimony reflects that his knowledge is limited to the physical therapy he rendered to Mrs. Wallace and nothing beyond his physical therapy records. There has been no supplementation that Mr. Haller will offer testimony outside his medical records. Allstate requests the Court to direct Plaintiffs and their attorneys to limit the examination of Mr. Haller to his examination and personal observation of Mrs. Wallace. Mr. Haller is a fact witness who testified that his opinions are limited to the treatment he rendered. Allstate moves that any opinion contained within Mrs. Wallace's treatment records be properly redacted to reflect the Court's ruling prior to introduction into evidence at the trial of this cause.

### VII.   EXPERT TESTIMONY OF HORRELL TOWNSEND, D.O.

On May 29, 2009, Plaintiffs' filed their Designation of Expert Witnesses, which included the designation of Horrell Townsend, D.O. of Physicians Care Plaza. [Docket #12]. On August 12, 2009, the Deposition of Dr. Townsend was taken by counsel for Allstate. Dr. Townsend did not testify regarding any other treatment outside of his care of Mrs. Wallace (Deposition of Townsend, attached to the First Set of Motions in Limine as Exhibit "D", p. 10, ll. 12-16), but only testified as to his treatment and care of the plaintiff.

Allstate moves this Court to exclude any evidence or testimony from Dr. Townsend beyond his personal knowledge which reflects any opinion of Mrs. Wallace's treatment, whether through oral testimony or within the plaintiffs' medical records, as his testimony reflects that his knowledge is limited to the actual treatment he rendered to Mrs. Wallace, and no supplementation or report has indicated otherwise. Allstate moves that any opinion contained within Mrs. Wallace's treatment records be properly redacted to reflect the Court's ruling prior to introduction into evidence at the trial of this cause.

## VIII.   COMPROMISE AND OFFERS TO COMPROMISE

Allstate has made good faith tenders to the plaintiffs as required by the Louisiana Code. Rule 408 of the Federal Rules of Evidence states:

> (a) Prohibited uses. -- Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
> > (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> >
> > (2) conduct or statements made in compromise negotiations regarding the claim, . . . .

Fed. R. Evid. 408.

Pursuant to Rule 408(a)(1) and (2) of the Federal Rules of Evidence, Allstate requests that the Court preclude the Plaintiffs or their attorneys from mentioning any offers to compromise, or the tendering of valuable consideration as required under the Louisiana Code and as demanded by the Plaintiffs, at any time during voir dire or during the trial of this matter.

## IX.  TESTIMONY OF TREATING PHYSICIANS

On May 29, 2009, Plaintiffs' filed their Designation of Expert Witnesses, which included the designation of ten expert witnesses. [Docket #12]. Rule 26(a)(2)(B) states that a written report must accompany the designation of experts. Fed. R. Civ. P. 26. Each attachment to the designation that purports to contain the experts testimony is lacking in regard to being a complete statement of the opinions asserted, does not provide data considered, fails to provide the individual's qualifications and publications or prior cases of which they offered testimony. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).   Rule 702 of the Federal Rules of Evidence requires an expert to testify if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the

evidence, or to determine a fact in issue.  A treating physician may testify as to facts contained within a patient's medical record, but may not testify as to his opinion of how those facts affect the patient unless he has been designated as an expert.  *Foster v. Noel*, 715 So.2d 174, 183 (Miss. 1998) See also *Miss. Dept. of Wildlife, Fisheries and Parks v. Brannon*, 943 So.2d 53, 62 (Miss. App. 2006), cert. denied, 942 So.2d 164 (Miss. 2006); *Scafidel v. Crawford*, 486 So. 2d 370, 372 (Miss. 1986).  Testimony of treating physicians was lay testimony "as to the facts and circumstances surrounding their treatment of the patient."  *APAC Mississippi, Inc. v. Johnson*, 15 So.3d 465, 471 (Miss. App. 2009) (citing *Scafidel v. Crawford*, 486 So.2d 370, 372 (Miss. 1986)).  Allstate does not object to lay testimony offered by Mrs. Wallace's treating physicians as contained within their recollection or particular treatment record if first properly introduced at trial.

Allstate moves this court to exclude any evidence or testimony which reflects any expert opinion of Carmillia Wallace's treating medical providers, whether through oral testimony or within the plaintiff's medical records, as the no expert was properly designated under the Rules of Federal Civil Procedure.  Allstate moves that any opinion contained within the plaintiff's medical records be properly redacted prior to introduction into evidence at the trial of this cause.

## X.   COURTROOM TECHNOLOGY

Allstate and its attorneys anticipates utilizing a projector screen, projector, and a computer program in order to show the jury particular documents in evidence and to point to certain elements within those documents.  Portraying Allstate or its counsel as parties who are able to afford this technology could be highly prejudicial to the Defendant and in violation of Rules 402 and 403 of the Federal Rules of Evidence.  Allstate requests this Court to preclude the Plaintiffs or their counsel from mentioning Allstate's use of technology at any time during voir dire or during the trial of this matter.

## XI.   INTRODUCTION OF RECORDS

Rule 902(11) of the Federal Rules of Evidence requires the Plaintiffs to provide Allstate adequate notice for any intent to introduce medical records as self-authenticating business records to avoid being barred as hearsay pursuant to Rule 803(6).  Certain medical records of the plaintiff have been stipulated as authentic.  Any records which have not been previously stipulated as authentic by both parties as self authenticating must be barred, including any attempt to introduce such records.

## XII.   EVIDENCE OR TESTIMONY OF LOST WAGES OF JERRY WALLACE

Within the Complaint filed against the Defendants, Mr. Jerry Wallace asserts that he is entitled to damages to compensate for loss of consortium, services and society.  Mr. Wallace has failed to assert any claim for lost wages or income as a result of his wife's injuries within the Complaint or provided any documents establishing that he is entitled to a claim for lost wages or income during discovery.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain a claim for relief and a demand for relief sought.  Fed. R. Civ. P. 8(a)(2)-(3).  Mr. Wallace contemplated his damages and sought claims in the form of loss of consortium, services and society.  He has failed to assert any claim for lost wages or income and has not provided documents to support any lost wage claim.  As discovery has been concluded and no supplementation of these materials have been made, Allstate moves this court to exclude any evidence or testimony which reflects any claim for lost wages or income of Mr. Wallace, whether through oral testimony or wage statements, as these have not been provided or prayed for within the pleadings.  Allstate moves the Court to exclude any testimony or evidence regarding Mr. Wallace's lost wages or income and to preclude Plaintiffs or their counsel from eliciting testimony regarding his lost wages or income.

### XIII.    PERMANENT DISABILITY OF CARMILLIA WALLACE

Carmillia Wallace has come forward with no evidence of a permanent disability during the discovery phase of this litigation.  Dr. Horrell Townsend provided medical testimony, but no documentation, that upon his impairment evaluation, he believed Mrs. Wallace was temporarily disabled regarding her right shoulder. [Exhibit "D", pp. 67-68, ll. 16-3; ll. 8-12].  Dr. Townsend distinguished that an impairment is a "snapshot" taken on the date of an evaluation and a disability refers to a long-term basis. [Exhibit "D", pp. 64-65, ll. 14-2].  In other words, an "impairment is a restriction of movement, not necessarily a total -- a loss of function on a long-term basis." [Exhibit "D", pg. 65, ll. 6-9].  Dr. Townsend deferred his opinion regarding a long term disability to Dr. David Clause, who evaluated and provided orthopedic medical treatment to Mrs. Wallace. [Exhibit "D", pg. 68, ll. 8-25].  The deposition of Dr. David Clause is scheduled for November 24, 2009.  Allstate would request the Court to permit Motion numbered XIII to be amended as necessary per Dr. Clause's testimony.

Notwithstanding, to allow the Plaintiff to come forward with accusations of permanent disability without providing medical evidence during trial would be prejudicial to Allstate and in violation of Rules 701 and 403 of the Mississippi Rules of Evidence and the Federal Rules of Civil Procedure.  At this time, Allstate requests this Court to exclude any evidence or testimony which would tend to support any claim for permanent disability as a result of this motor vehicle collision.

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Insurance Company requests this Court to enter an Order Granting Defendant's First Set of Motions in Limine which specifically orders the Plaintiffs, their counsel and all of the Plaintiffs' witnesses to refrain from mentioning, offering or attempting to offer into evidence any testimony or documents regarding the matters outlined above or from otherwise referring to or alluding to such evidence either directly or

indirectly during voir dire or any portion of the trial of this case.

Respectfully submitted, this the 16th day of November, 2009.

           ALLSTATE INSURANCE COMPANY, Defendant

      BY: WILKINS, STEPHENS & TIPTON, P.A.

      BY:  s/David E. Stovall
         TOBY J. GAMMILL (MSB #100367)
         DAVID E. STOVALL (MSB #102706)


OF COUNSEL:

WILKINS, STEPHENS & TIPTON, P.A.
One LeFleur's Square, Suite 108
4735 Old Canton Road   [39211]
Post Office Box 13429
Jackson, Mississippi  39236-3429
Telephone: (601) 366-4343
Facsimile: (601) 981-7608
E-Mail:  tgammill@wilkins-law.com
      dstovall@wilkins-law.com
*Attorneys for Defendant Allstate Insurance Company*

## **CERTIFICATE OF SERVICE**

I, David E. Stovall, attorney for Allstate Insurance Company, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> Kenneth M. Altman, Esq.
> Morris Bart, Ltd.
> 1712 15th Street, Suite 200
> Gulfport, Mississippi 39501
> *Attorney for Plaintiffs Carmillia and Jerry Wallace*
>
> Edward Taylor, Esq.
> Daniel, Coker, Horton & Bell, P.A.
> Post Office Box 416
> Gulfport, Mississippi 39502-0416
> *Attorney for Defendant Geico Insurance Company*

SO CERTIFIED, this the 16th day of November, 2009.

                                                  s/David E. Stovall
                                                  DAVID E. STOVALL