IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARMILLIA WALLACE and § | | |
| JERRY WALLACE § | | PLAINTIFFS |
| § | | |
| V. § | Civil No. 1:08CV1460-HSO-JMR | |
| § | | |
| ALLSTATE INSURANCE § | | |
| COMPANY § | | DEFENDANT |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT ALLSTATE INSURANCE COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

This cause comes before the Court upon the Motion for Partial Summary Judgment [20] filed by Defendant Allstate Insurance Company ["Allstate"]. Plaintiffs Carmillia and Jerry Wallace have filed a Memorandum in Opposition [28], and Allstate a Reply [29]. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that Allstate's Motion should be denied, as it has not carried its summary judgment burden.

**I.   FACTS AND PROCEDURAL HISTORY**

This matter stems from an automobile collision between Mrs. Wallace and Peter Capuano ["Mr. Capuano"], which occurred in Harrison County, Mississippi, on December 13, 2006. *See* Mot., at p. 1. Mrs. Wallace was injured in the collision. *See id*. It is undisputed that, at the time, she was acting within the course and scope of her employment with DMS Mail Management, Inc. ["DMS"]. *See id*. at p. 2. Mrs. Wallace was operating a vehicle owned by DMS, which maintained an underinsured motorist policy [the "Policy"] issued by Allstate. *See id*. at p. 1. Mrs.

Wallace was personally insured by Geico General Insurance Company ["Geico"]. *See id.*

Plaintiffs filed suit on July 21, 2008, in the Circuit Court of Harrison County, Mississippi, First Judicial District, against Allstate, Geico, and Mr. Capuano. *See id.* Plaintiffs dismissed Mr. Capuano following a settlement with him. *See id.* Allstate then removed the case to this Court, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Notice of Removal, at p. 1. Plaintiffs subsequently settled with Geico, which has also been dismissed as a party. *See* Order of Dismissal [44].

Allstate seeks partial summary judgment on the question of whether it is entitled to a credit for all medical and disability wage benefits paid to Mrs. Wallace by DMS's workers' compensation carrier. *See* Mot., at p. 3. Allstate maintains that Louisiana substantive law governs the Policy, and that under the terms of its Policy with DMS, as well as pursuant to Article 1794 of the Louisiana Civil Code, it should receive such a credit. *See id.* at pp. 2-6. Plaintiffs counter that, while the terms of the Allstate Policy should be interpreted using Louisiana law, all remaining issues in this case are governed by Mississippi law. *See* Mem. in Opp'n, at p. 2. They contend that the Policy does not provide Allstate the credit sought, and that Mississippi's "collateral source rule" should be applied to preclude the claimed credit. *See id.* at p. 7.

Allstate contends that, under Louisiana law, it is entitled to "a full credit for all medical and disability wage benefits paid through workers' compensation

received by Carmillia Wallace." Mot., at p. 5. Plaintiffs present evidence that the workers' compensation carrier has been repaid $14,523.50, out of Mrs. Wallace's $25,000.00 liability settlement with Mr. Capuano. *See* Mem. in Opp'n, at pp. 8-9; Order Approving Third Party Settlement and Settlement of Workers Compensation Claim, at p. 2, attached as Ex. "4" to Mem. in Opp'n. Mrs. Wallace accepted a lump sum of $15,000.00 from DMS and its workers' compensation carrier in exchange for a full and final settlement of her workers' compensation claims. *See* Order Approving Third Party Settlement and Settlement of Workers Compensation Claim, at pp. 2-3, attached as Ex. "4" to Mem. in Opp'n. The record is unclear, however, as to the overall total amount of medical and disability benefits which DMS's workers' compensation carrier paid to Mrs. Wallace, and therefore, as to what amount of that money she has not reimbursed the carrier. It appears that at least some of these funds have not been repaid to the carrier.

## II. DISCUSSION

A.  Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

B.  Analysis

Allstate asserts that exclusions in the uninsured motorist endorsement in the Policy and the Louisiana law of solidary obligors dictate that it is entitled to a credit for disability and indemnity benefits paid by DMS's workers' compensation carrier. *See* Reply, at p. 8.  The Policy reads, in relevant part, as follows:

> A. COVERAGE
>    1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle".  The damages must result from "bodily injury" sustained by the "insured" caused by an "accident".  The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".
>                         * * *
> C. EXCLUSIONS
> This insurance does not apply to:
>                         * * *
>    2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.
>                         * * *
> D.  LIMIT OF INSURANCE
>                         * * *
>    2.  . . . We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

Policy [20-2], at pp. 29-30, attached as Ex. "A" to Mot. for Partial Summ. J.

In addition to the unresolved factual questions as to the total benefits paid to Mrs. Wallace and what portion of those benefits have not been repaid to the carrier, Allstate has not addressed how Mrs. Wallace's repayment to the workers'

compensation carrier from her settlement proceeds with Mr. Capuano impacts its argument for a credit for the medical and disability wage benefits initially paid to Mrs. Wallace.  To the extent that Plaintiff has reimbursed the workers' compensation carrier certain funds, Allstate has not demonstrated that the law of Mississippi is any different from that of Louisiana, such as to create a conflict of laws in the first instance.  Nor has Allstate sufficiently shown, one way or the other, whether or not it would be entitled to a credit, either pursuant to the Policy or under either state's law, for those funds which have been reimbursed to the workers' compensation carrier.  Because questions of fact remain, and because Allstate has not met its burden of showing that it is entitled to judgment as a matter of law as to such funds, summary judgment must be denied as to this issue.

The record also indicates that at least some unspecified amount of benefits paid to Mrs. Wallace by DMS's workers' compensation carrier have not been reimbursed.  As the parties have pointed out, this scenario presents a potential conflict of laws between Mississippi's collateral source rule and Louisiana's law of solidary obligors.  Even accepting Allstate's position, its Motion must nevertheless be denied as to any umreimbursed portion of workers' compensation benefits as well.  Again, the record is unclear as to what amount of workers' compensation benefits Mrs. Wallace has not reimbursed the carrier, raising an unresolved fact question which precludes summary judgment.  At a minimum, assuming that Allstate would be entitled to a credit, as it claims, this uncertainty in the record creates a dispute as to what the amount of that credit should be.  Absent a

resolution of this discrepancy, it is premature for the Court to opine as to whether Allstate is legally entitled to a credit.  The Court is of the opinion that Allstate has not carried its burden of demonstrating the absence of disputes of material fact, or that it is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56.

### III.  CONCLUSION

For the reasons stated herein, the Court finds that Allstate's Motion for Partial Summary Judgment should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Allstate's Motion for Partial Summary Judgment [20] should be, and hereby is, **DENIED**.

**SO ORDERED AND ADJUDGED,** this the 16th day of December, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE